**UNITED STATES ex rel. SHAPIRO v. SCHNEIDER, United States Marshal.**

No. 4647.

Circuit Court of Appeals, Third Circuit.

Jan. 22, 1932.

Rehearing Denied April 7, 1932.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Oliver Randolph, Asst. U. S. Atty., of Newark, N. J., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

This is an appeal by the relator-appellant from an order made by the Hon. Guy L. Fake, United States District Judge for the District of New Jersey, dismissing a writ of habeas corpus.

The order dismissed the writ and ordered that the relator be remanded to the custody of the United States marshal for the district of New Jersey for removal to the United States Court for the Eastern District of New York for trial.

On the 17th of February, 1930, a special agent of the Department of Justice made oath before the United States Commissioner in the District of New Jersey that the petitioner, Leo Shapiro, a resident of New Jersey, had committed an offense against the United States in the District of New Jersey, by conspiring in Warsaw, Poland, with others, and committing overt acts not mentioned. Upon this complaint, petitioner was taken into custody. This complaint was superseded by another, made by an assistant United States attorney, in which he averred

that between the 1st of June, 1928, and March 4, 1930, in the Eastern District of New York, the petitioner, with others, conspired to commit an offense against the United States in procuring the fraudulent entry of aliens into the United States, and that as part of the conspiracy, the petitioner, with others, should procure emigration vises in the Republic of Poland for persons not entitled to enter the United States, and that the Vice Consul at Warsaw, Poland, would issue these fraudulent vises. It was averred that the conspiracy was committed in the Republic of Poland, on the high seas, and within the Eastern District of New York. Numerous overt acts were set ·up. Two indictments were found against the defendant in the Eastern District of New York, and at the hearing in New Jersey, these indictments were offered in evidence. The state of the case, therefore, at the time the commissioner made his finding and committed the relator for removal to the Eastern District of New York, was as follows:

First. Defendant's identity was admitted.

Second. The original indictment and the superseding indictment were admitted in evidence.

Third. A stipulation that no testimony was taken because it was agreed between counsel that the matter should be submitted on questions of law involved.

This situation, as to the record, required that the defendant should successfully attack the indictments. If the indictments properly charge a crime committed in the demanding district, their admission in evidence raises a prima facie case in favor of the government, and the defendant has not offered such evidence as tends to show that the indictments did not properly charge a crime committed in the demanding district. The commissioner, therefore, was justified, in the absence of testimony, in finding probable cause of the defendant's guilt, unless defendant had overcome the government's prima facie case, by showing lack of probable cause. The indictments appear to properly charge a crime against the defendant whose identity is admitted. Their introduction in evidence raises a prima facie case entitling the removal of defendant unless overcome by evidence. No such evidence was introduced, and therefore the order of removal, or dismissal of the writ of habeas corpus, was properly made.

The order of the court below is therefore affirmed.